IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVNER F.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-06893-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 232-401-848 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Evner F.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. He entered the United States through the Miami Port of Entry on May 6, 2023, through the Haitian Humanitarian Parole program. Dkt. No. 6-1, at pg. 3. In order to grant humanitarian parole to a noncitizen, an immigration officer must find that "the noncitizen presents neither a security risk nor risk of absconding," so that decision "reflect[ed] a determination by the government" that Petitioner was "not a danger to the community or a flight risk." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1104 (E.D.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Cal. 2025) (cleaned up). The record reveals no reason to think otherwise today. To this day, Petitioner has no criminal history and no final order of removal.

In the years following his parole, Petitioner obtained work authorization and lived with his girlfriend and child in Florida. Dkt. No. 1, at pg. 15; Dkt. No. 6-1, at pg. 3. In August 2024, he filed an application for Temporary Protected Status through the United States Citizenship and Immigration Services (USCIS), and in April 2025 also applied for asylum through USCIS. Dkt. No. 6-1, at pg. 3. But on August 7, 2026—while both of Petitioner's applications were still pending—officers from Immigration and Customs Enforcement (ICE) stopped the vehicle Petitioner was riding in after a license plate record check revealed that "the driver was not a U.S. citizen." *Id.* at pgs. 2-3. ICE agents arrested Petitioner pursuant to that stop, and he has remained in immigration detention ever since. Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

This court has granted numerous petitions in circumstances similar to those present here. *See, e.g.*, *Luis Alejandro D.V. v. Collins*, No. 1:26-cv-07001-MWJS, 2026 WL 2643625 (E.D. Cal. Sept. 8, 2026); *Carlos U.G. v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026); *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554

(E.D. Cal. May 21, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). In these prior decisions, the court has held that a noncitizen previously released from immigration custody "possesse[s] a liberty interest in his continued freedom"; that the government ordinarily must provide pre-deprivation process before detaining such a noncitizen; and that if the government fails to provide the constitutionally required pre-deprivation process, the noncitizen "must be ordered immediately released because it is not possible to remedy that constitutional violation with anything less." *Carlos U.G.*, 2026 WL 1999947, at *3.

The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

Respondents acknowledge that "Courts in the Eastern District of California have found that Petitioners gain a constitutionally protected liberty interest when paroled into the United States even though such individuals are treated as if never setting foot on United States soil." Dkt. No. 6, at pg. 1 n.1. But they assert that Petitioner's detention is nonetheless appropriate in this case because he is properly detained pursuant to 8 U.S.C. § 1225(b). Although Respondents concede that the Ninth Circuit recently rejected that argument for a large category of immigration detainees in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), they submit that *Rodriguez*

*Vazquez* does not control here, because "Petitioner has been a parolee since arriving in the United States." Dkt. No. 6, at pg. 2. That is so, Respondents argue, because of the "entry fiction" doctrine, which treats noncitizens like Petitioner "as if stopped at the border" for due process purposes. *Id.* (quoting *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139 (2020)). It follows, in Respondents' view, that Petitioner was therefore never "released" into the country. *Id.* And that makes him, in Respondents' view, the "quintessential 'arriving alien' and 'applicant for admission'" subject to mandatory detention under § 1225(b). *Id.* at pg. 1. Respondents therefore contend that Petitioner's parolee status distinguishes this case from those cases in which judges have found that previously released noncitizens possess a constitutionally protected liberty interest in their continued freedom and may be detained, if at all, under 8 U.S.C. § 1226(a).

That argument is not convincing. As district judges have persuasively explained on many prior occasions, the government's previous determination to release a noncitizen on parole is not compatible with a later decision to re-detain the same noncitizen pursuant to § 1225(b)(2). *See, e.g.*, *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094-95 (E.D. Cal. 2026) (finding that the government's "interpretation of § 1225(b)(2) is unlawful as applied to non-citizens who have been released by [the Department of Homeland Security] on their own recognizance into the interior of the country"); *Sharan S. v. Chestnut*, No. 1:25-cv-01427, 2025 WL 3167826, at *4-9 (E.D. Cal. Nov. 12, 2025)

(holding that a petitioner previously released on his own recognizance was not detained pursuant to § 1225(b)(2)(A), but that even if the government's interpretation of that provision was correct, its prior release of petitioner pursuant to § 1226(a) imbued him with a liberty interest protected by due process); *see generally Obando v. Warden of the Cal. City Detention Facility*, No. 1:26-cv-04221, 2026 WL 2234492, at *2 (E.D. Cal. Aug. 3, 2026) (collecting cases rejecting the government's position that noncitizens previously detained and released by immigration authorities may be re-detained pursuant to § 1225(b)(2)); *Marin v. Warden of Golden State Annex*, No. 1:26-cv-04316, 2026 WL 1871026, at *3 (E.D. Cal. June 29, 2026) (explaining that a noncitizen granted humanitarian parole "may not be mandatorily detained under § 1225(b)(2)" and collecting cases); *Mendez v. Warden of Cal. City Detention Facility*, No. 1:26-cv-04185, 2026 WL 2234489, at *2 (E.D. Cal. Aug. 3, 2026) (collecting cases holding that "§ 1225(b)(1) does not authorize the expedited removal and detention of noncitizens who, like Petitioner, were previously paroled into the United States and can no longer be considered 'arriving' at the nation's borders"). And those prior decisions dovetail with the reasoning of *Rodriguez Vazquez* itself. *See Rodriguez Vazquez*, 183 F.4th at 1178 (explaining that a noncitizen present in the interior of the United States does not "remain[] in the perpetual state of seeking admission (that is, seeking *entry*)" and therefore is not subject to § 1225(b)(2)(A)). For these reasons, the court joins the prior orders in rejecting the government's argument on this point.

The court therefore concludes that there are no factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive. Accordingly, IT IS HEREBY ORDERED that the amended petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Evner F. (A# 232-401-848) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

///

///

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: September 11, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge